# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SEKERKE,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF NATIONAL CITY; NATIONAL CITY POLICE DEP'T; KEVIN HIRSH; MATT SMITH; ANTHONY SABALA; OMAR RAMIREZ; STEVEN ANDERSON; VINCENT FERNANDO; EMMA CABATA; SHANE McCLURE; MATTHEW CARDOZA; JOHN DOUGHERT,<br><br>        Defendants. | Case No.: 3:19-cv-1360-LAB-MSB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION SUA SPONTE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii) & § 1915A** |

  Keith Sekerke ("Plaintiff"), currently housed at the San Diego Central Jail ("SDCJ") and represented by counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages against the National City, National City Police Department ("NCPD"), and several NCPD officers. *See* Compl., Doc. No. 1 at 1-2.

///

///

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

Before the Court could conduct the required screening, Plaintiff filed his First Amended Complaint ("FAC") which is the operative pleading. *See* Doc. No. 4.

**I.  Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a San Diego County SDCJ Facility Captain. *See* Doc. No. 2 at 4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate attests that Plaintiff an available balance of $0.00 at the time of filing. *See* Doc. No. 2 at 4. Thus, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

     A.     <u>Standard of Review</u>

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

3

3:19-cv-1360-LAB-MSB

possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Discussion

1. Factual Allegations

On October 11, 2019, "Defendants broke down Plaintiff's fence around his house." (Compl. at 3.) Plaintiff permitted the Defendants to enter his house where he was arrested. (*Id.*) Plaintiff claims Defendants "took possession of Plaintiff's keys" and "called Plaintiff's girlfriend to pick up his dog." (*Id.*) Plaintiff asked the Defendants to "lock his door to secure his residence." (*Id.*) However, Plaintiff alleges Defendants "failed to secure Plaintiff's house and left Plaintiff's keys on his car." (*Id.*)

When Plaintiff's girlfriend arrived at his home, he claims she "asked at least one Defendant for the key to lock up, and they refused." (*Id.* at 4.) The following day, when Plaintiff's girlfriend returned to the home, she discovered that "Plaintiff's home was looted and squatted in." (*Id.*) Plaintiff alleges all of his "personal property was stolen and destroyed." (*Id.*) Defendants also "possessed Plaintiff's car" and "impounded it for

a crime he was never charged with." (*Id.*)  Plaintiff believes that that his "car has since been dispensed with in a way that renders him unable to retrieve it." (*Id.*)

  2. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

  3. NCPD

First, to the extent Plaintiff names the NCPD as a Defendant, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the NCPD) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The NCPD is managed by and/or a department of the City of National City, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus

5

of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the NCPD. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

    4. <u>Fourteenth Amendment Claims</u>

Plaintiff alleges that by "leaving Plaintiff's property open to intrusion and theft, both of which then occurred, Defendants unlawfully deprived Plaintiff of his property without due process, as required under the Fourteenth Amendment of the United States Constitution." (FAC at 6.) "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989). Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized, however. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468

6

3:19-cv-1360-LAB-MSB

U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.* a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to the deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing CAL. GOV'T CODE §§ 810-895).

Deprivations of property resulting from negligence, or "mere lack of due care" do not deny due process at all, and must be redressed through a state court damages action. *See Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *id.* at 330 ("'To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution.'" (quoting *Parratt*, 451 U.S. at 545 (Stewart, J., concurring)). In fact, the Supreme Court has explicitly warned against turning the Fourteenth Amendment and § 1983 into a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

Thus, because Plaintiff claims NCPD officers deprived him of personal property, any remedy he may have lies in state court and his federal action must be dismissed for failing to state a claim upon which § 1983 relief may be granted. 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27.

5. <u>Fourth Amendment claims</u>

Plaintiff also claims that his Fourth Amendment rights were violated and alleges that "National City knew their officers were engaging in unlawful seizures of arrestees'

7

homes and property." (FAC at 9.)  Plaintiff is currently housed at the SDCJ awaiting trial in San Diego Superior Court for charges that were the subject of his arrest on October 12, 2018.[2]  To the extent that Plaintiff is challenging the validity of his arrest or the seizure of his property during the arrest as a violation of the Fourth Amendment, those are claims he must raise first in his state court proceedings.

Plaintiff may not use the Civil Rights Act, 42 U.S.C. § 1983, as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018), *pet. for cert. filed*, (U.S. April 30, 2018) (No. 17-1487); *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Augustin v. Cnty. of Alameda*, 234 Fed. Appx. 521 (9th Cir. 2007)); *Salmons v. Oregon*, No. 1:17-CV-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

---

[2] *See* San Diego Sheriff's Department "Who is in Jail" website https://apps.sdsheriff.net/wij/wij.aspx. (Website last visited Sept. 16, 2019.)

8

3:19-cv-1360-LAB-MSB

Here, Plaintiff's San Diego Superior Court criminal proceedings are ongoing at the time he filed his Complaint and subsequent pleadings. State proceedings are deemed ongoing until appellate review is completed. *See Gilbertson,* 381 F.3d at 969 n.4 (citation omitted); *Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party ... must exhaust his state appellate remedies before seeking relief in the District Court.").

Moreover, there is no question that whatever the specific nature of Plaintiff's current criminal charges, they implicate important state interests, and "involve [the] state's interest in enforcing orders and judgments of its courts." *Sprint*, 134 S. Ct. 593-94; *ReadyLink*, 754 F.3d at 759. Because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts," *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972), *Younger* abstention is required here. *ReadyLink*, 754 F.3d at 759.

Thus, for all these reasons, Plaintiff's case must be dismissed sua sponte based on his failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27.

C.     State Law claims

Plaintiff also seeks to bring California state law claims against the named Defendants. (*See* FAC at 7-13.)) However, because Plaintiff has failed to allege a violation of federal law, the Court exercises its discretion to dismiss his pendent state law claims without prejudice. 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– [it] has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.").

9

3:19-cv-1360-LAB-MSB

### III. Conclusion and Order

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **ORDERS** the Facility Commander of SDCJ, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

4. **DISMISSES** this civil action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and his

10

3:19-cv-1360-LAB-MSB

failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: November 4, 2019

Hon. Larry Alan Burns, Chief Judge
United States District Court