UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SEKERKE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF NATIONAL CITY, et al.<br><br>　　　　　　　　　　　Defendants. | Case No.:   19cv1360-LAB (MSB)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION; AND**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　Plaintiff Keith Sekerke, who is proceeding *in forma pauperis* but who is represented by counsel, filed a civil rights complaint.

　　　　Sekerke alleges that when National City police officers arrested him, they neglected to secure his home, resulting in its being looted and his belongings lost. He also alleges his car was confiscated and disposed of, along with property inside it. After the Court screened and dismissed his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, Sekerke filed his second amended complaint (the "SAC"). Defendants moved to dismiss, and the motion was referred to Magistrate Judge Michael Berg for report and recommendation.

　　　　Judge Berg received briefing and issued his report and recommendation (Docket no. 27, the "R&R"). The R&R recommended dismissing the SAC's first

through fourth causes of action with leave to amend, and exercising its discretion to decline to exercise supplemental jurisdiction over its fifth cause of action, a state claim. The SAC's first claim is brought under 42 U.S.C. § 1983, for Fourth Amendment violations.  The second and third claims arise under state law. The fourth claim, against the City of National City, is brought pursuant to *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978). Sekerke filed written objections, to which Defendants filed a reply.

**Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* Section 636(b)(1)(C) similarly requires that a district judge "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court has conducted a de novo review of the portions of the R&R to which Sekerke has objected.

The R&R correctly states legal standards for motions to dismiss, and Sekerke does not object to these.

**Objections to the R&R**

Sekerke objects on two grounds: 1) through discovery, he says, he can determine which Defendant did what, and on that basis he can allege Defendants' actions specifically, rather than conclusorily grouping them all together; and 2) he believes he can state a Fourteenth Amendment claim.

**Objection 1**

Sekerke suggests that the Court should either allow him to proceed against "Doe Defendants," and after an opportunity for discovery name them. Or, he says,

he can make some specific allegations even without discovery. It appears Sekerke is agreeing with the R&R that certain of his claims should be dismissed with leave to amend.

A plaintiff can name "Doe" Defendants where their identity is unknown when the complaint is filed. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But here, Sekerke knows Defendants' names and identities, and what they collectively did. Because he was present for most of the events giving rise to his claims, it is unclear why he did not already allege the identity of at least some of the officers. The R&R correctly notes that Sekerke would likely know who arrested him, who took his house keys, and who called his girlfriend to pick up his dog. He would also know which officer he asked to lock up his house. Why he did not identify these people — even though he knows all their names — is never explained. Sekerke also seeks to hold every Defendant responsible as part of a conspiracy, without alleging facts plausibly suggesting they all conspired together or explaining why the acts and omissions the SAC complains of were the product of a conspiracy. In particular, events leading to the looting of Sekerke's house are distinctly unlikely to have been the product of a conspiracy.

In effect, Sekerke is treating Defendants as Doe Defendants for some purposes, but not others. He declines to allege which of them did what, even when it is apparent he could. But by naming all ten individuals as Defendants, he obligates them all to file responses, offer defenses, and submit to discovery even before they know what his accusations against each of them are. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007)) (rejecting the suggestion that discovery can go ahead before a plausible claim has been pled).

Sekerke's objections also imply that he is suing National City and perhaps some of the individual Defendants, not because they were involved in depriving him of his rights, but rather because he thinks they have information and he wants

to seek discovery from them. While people and entities are sometimes joined as necessary parties even when their involvement is only indirect, merely being a useful source of information is not enough. *See* Fed. R. Civ. P. 19(a), 20(a). Furthermore, discovery can be sought from non-parties, if necessary. There is no reason to burden someone with discovery who is not otherwise a proper party. *See Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal., 2012) (requiring plaintiffs to seek documents from named defendants before seeking them from non-parties).

**Objection 2**

In its screening order, the Court dismissed Sekerke's Fourteenth Amendment claim. The SAC, which Sekerke filed after the Court's screening order, does not include a Fourteenth Amendment claim. The R&R only deals with the Fourteenth Amendment in passing, when recounting the Court's dismissal of the previous Fourteenth Amendment claim and when explaining that Fourteenth Amendment standards have no bearing on a Fourth Amendment claim.

In fact, Sekerke is objecting to the Court's screening order, rather than the R&R. If he wishes to seek reconsideration of that order, he must comply with Local Rules and the Court's standing order in civil cases, neither of which countenances indirect requests for reconsideration inserted into other documents. If, on the other hand, he intends to raise a claim that the Court's screening order did not foreclose, he must obtain Defendants' consent or the Court's leave to amend, as provided under Fed. R. Civ. P. 15.

**Conclusion and Order**

For these reasons, the Court **OVERRULES** Sekerke's objections and **ADOPTS** the R&R.  The motion to dismiss is **GRANTED IN PART**.

The SAC's first, second, third, and fourth claims are **DISMISSED** for failure to state a claim. Sekerke has leave to amend his complaint consistently with the R&R. The Court in its discretion **DECLINES** to exercise supplemental jurisdiction

over the SAC's fifth claim. **Within 21 calendar days of the date this order is issued**, Sekerke may file his third amended complaint. He must not add new claims without leave. If Sekerke again fails to amend successfully, leave to amend may be denied and his complaint may be dismissed without leave to amend.

**IT IS SO ORDERED**.

Dated: January 20, 2021

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge